UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL MORSE,

    Petitioner,

v.                                             CASE NO. 6:06-cv-036-Orl-19DAB
                                                        (6:04-cr-065-Orl-19DAB)

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Daniel Morse (Doc. No. 1). The Government filed a timely response (Doc. No. 7) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 9) to the Government's response.

Petitioner alleges three claims for relief in his habeas petition: first, that he received ineffective assistance of counsel because counsel failed to advise him regarding United States Sentencing Guidelines Amendment 487; second, that he received ineffective assistance of counsel because counsel failed to file a notice of appeal; and, third, that his Sixth Amendment rights were violated because he received an enhanced penalty for the "crack" form of cocaine, which was not proven beyond a reasonable doubt.

*Procedural History*

Petitioner was charged by indictment with possession with the intent to distribute and distribution of five grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine (Criminal Case 6:04-cr-065-Orl-19DAB, Doc. No. 1, filed April 8, 2004).[1]  On June 18, 2004, pursuant to a written plea agreement (Criminal Case Doc. No. 19), Petitioner entered a plea of guilty before United States Magistrate Judge David A. Baker.  Magistrate Judge Baker entered a report and recommendation recommending that the guilty plea be accepted (Criminal Case Doc. No. 22).  The district court accepted the plea and adjudicated Petitioner guilty as charged in the indictment (Criminal Case Doc. No. 24).

Petitioner then filed a *pro se* motion to withdraw his plea arguing that it was not voluntarily entered due to ineffective assistance of counsel (Criminal Case Doc. No. 26).  Specifically, Petitioner contended that his counsel failed to discuss the appellate waiver with him, failed to fight for a more reasonable plea agreement, and failed to investigate and inform Petitioner of alternative pleas.  After conducting a hearing on the motion, Magistrate Judge Baker entered a report and recommendation determining that Petitioner received effective assistance of counsel and recommending that the motion to withdraw plea be denied (Criminal Case Doc. No. 30).  The district court adopted and affirmed the

---

[1]Hereinafter Criminal Case No. 6:04-cr-065-Orl-19DAB will be referred to as "Criminal Case."

report and recommendation and denied Petitioner's motion to withdraw his plea (Criminal Case Doc. No. 32).

On October 7, 2004, Petitioner was sentenced to a ninety month term of imprisonment, followed by a four year term of supervised release (Criminal Case Doc. No. 35). Petitioner did not file a direct appeal.

*Claims One and Three*

In claim one, Petitioner argues that he received ineffective assistance of counsel because his counsel failed to advise him regarding United States Sentencing Guideline Amendment 487.[2] In claim three, Petitioner contends that his Sixth Amendment rights were violated because he was sentenced based on the enhanced penalties applicable to "crack" cocaine, but it was not proven beyond a reasonable doubt that the substance was actually "crack" cocaine.

Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 19). Pursuant to the agreement, Petitioner agreed

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal [his] sentence, **directly or collaterally, including the filing of a 28 U.S.C. § 2255 petition**, on any ground, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), [Petitioner] is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

---

[2]Amendment 487 established that for Guidelines purposes "cocaine base" means "crack" cocaine.

*Id*. at 12 (emphasis added).  During his change of plea hearing, Petitioner specifically acknowledged that, for the most part, he was giving up his right to challenge his sentence "on appeal, on a Section 2255 collateral proceeding or any other way." (Criminal Case Doc. No. 28 at 13.)

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.  *Id*. at 1342.  However, the *Williams* court left unanswered the question of whether ineffective assistance of counsel claims concerning the validity of the waiver or the plea would survive such a waiver.  *Id.* at 1342 n.2.  Courts outside of the Eleventh Circuit have held that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."  *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *see also Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) ("When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255."); *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000)  ("Dismissal of a section 2255 motion on the basis of a waiver in the plea agreement is inappropriate when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver.").  Therefore, Petitioner's knowing and voluntary waiver in the plea agreement generally bars him from

pursuing collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself.

In the instant case, this Court concludes that the plea agreement and waiver were knowing and voluntary. The magistrate judge addressed both the appeal and the collateral waiver during the change of plea hearing. (Criminal Case Doc. No. 28 at 12-13, 19-20.) In reviewing the constitutional adequacy of a guilty plea, the Eleventh Circuit has indicated as follows:

> A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991) (quotation omitted) (citation omitted). As discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992):

> The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.

*Id*. at 1012 (quotation omitted) (citations omitted).

The Magistrate Judge in this case conducted a thorough and comprehensive plea colloquy. Petitioner stated under oath that he was not threatened or promised anything in order to get him to plead guilty. (Criminal Case Doc. No. 28 at 7.) Petitioner acknowledged that he had reviewed the indictment with his attorney and that he was satisfied with his attorney's services. *Id*. at 6. Petitioner also stated that he understood the nature of the

5

charges against him, the maximum penalties for each charge, and the rights he would waive by entering a plea. *Id*. at 5-6, 13-14, 18-20. These representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Furthermore, a review of the record reveals that Petitioner understood the full significance of his waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."), *cert. denied*, 536 U.S. 961 (2002); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing."), *cert. denied*, 513 U.S. 1051 (1994). Since the plea and the waiver were knowing, intelligently, and voluntarily entered,[3] the waiver provision in the plea agreement precludes this Court from considering claims one and three.[4]

---

[3]The Court also notes that Magistrate Judge Baker determined that Petitioner was properly advised and counseled regarding entry of the appeal/sentence waiver and that Petitioner fully understood the terms of the plea agreement. *See* Criminal Case Doc. No. 30 at 2.

[4]To the extent that Petitioner argues that he should not have been sentenced based on the enhanced penalties for "crack" cocaine because the substance was not proven beyond a reasonable doubt to be "crack," rather than powder, cocaine, such argument is refuted by the record. First, the indictment clearly charged Petitioner with possession with the intent to distribute and distribution of a substance "commonly known as 'crack'
(continued...)

*Claim Two*

In claim two, Petitioner states that his counsel failed to file a requested appeal.[5] *See* Doc. No. 1 at 6 and Doc. No. 9 at 2-3. The Eleventh Circuit Court of Appeals has concluded that the appeal/collateral waiver does not preclude § 2255 relief when a petitioner alleges that his attorney disregarded an instruction to file a direct appeal. *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005).

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court determined that the ineffective assistance of counsel test in *Strickland*[6] applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. The *Roe* Court also recognized the long established rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477 (citations omitted). The case law is clear that such

---

[4](...continued)
cocaine" (Criminal Case Doc. No. 1 at 1). Furthermore, during his change of plea hearing, Petitioner specifically admitted that he possessed and sold 5.3 grams of crack cocaine. *See* Criminal Case Doc. No. 28 at 20-21.

[5]Petitioner was represented by assistant federal public defender Clarence Counts.

[6]The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

an omission would be prejudicial to Petitioner, even absent a showing of any viable grounds for appeal. *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996) ("[A] defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even after the defendant pled guilty. In this situation, the defendant is entitled to an out-of-time-appeal, even without showing whether or not there are any viable grounds for such an appeal.").

In cases where the defendant has not conveyed his wishes one way or another regarding the filing of a notice of appeal, the *Roe* Court held as follows:

> [C]ounsel has a constitutionally-imposed *duty to consult* with the defendant about an appeal when there is reason to think either (1) that a *rational defendant would want to appeal* (for example, because there are nonfrivolous grounds for appeal), or (2) that *this particular defendant reasonably demonstrated to counsel that he was interested in appealing*.

*Roe*, 520 U.S. at 480 (emphasis added). "In making this determination, courts must take into account all the information counsel knew or should have known." *Id*. (citation omitted). A highly relevant factor will be whether the conviction was the result of a guilty plea because a guilty plea reduces the scope of appealable issues and may indicate that the defendant seeks an end to judicial proceedings. *Id*. Even in cases when the defendant pleads guilty, the Court must consider whether the defendant received the sentence bargained for as part of the plea, and whether the plea expressly reserved or waived some or all appeal rights. *Id*.

As to prejudice, the *Roe* Court held that "to show prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure

to consult with him about an appeal, *he would have timely appealed.*" *Id.* at 484 (emphasis added). The "would have appealed" standard considers all of the circumstances, including whether there were nonfrivolous grounds for appeal and whether the defendant in question promptly expressed a desire to appeal. *Id.* at 485.

In the present case, Petitioner alleges that he directed his attorney to file a notice of appeal, but counsel failed to do so. Counsel for the Government concedes that when a petitioner alleges that he directed counsel to file a notice of appeal and counsel did not do so, an evidentiary hearing is appropriate to determine whether or not the petitioner asked his counsel to file an appeal. Consequently, an evidentiary hearing must be held to determine (1) whether Petitioner requested counsel to file a direct appeal to trigger the *per se* duty to appeal set forth in *Roe*; and (2) if not, whether counsel fulfilled his constitutional duty to consult with Petitioner.

Accordingly, it is hereby **ORDERED** as follows:

1	The Court will hold an evidentiary hearing with regard to claim two raised in the § 2255 motion: that Petitioner received ineffective assistance of counsel because counsel failed to file a notice of appeal after Petitioner requested that he do so. The hearing is scheduled for **Tuesday, December 12, 2006, at 8:30 a.m.**, U.S. Courthouse, 80 N. Hughey Avenue, Courtroom 1, Orlando, Florida 32801.

2.	The United States Magistrate Judge is directed to appoint counsel on behalf of Petitioner.

3.	Claims one and three are **DENIED** and **DISMISSED** with prejudice.

9

    4.    **On or before November 13, 2006**, Petitioner shall file a statement entitled "Pretrial Narrative Statement." The Pretrial Narrative Statement shall contain:

    (a)    A brief general statement of the case.

    (b)    A narrative written statement of the facts that will be offered by oral or documentary evidence at the evidentiary hearing.

    (c)    A list of all exhibits to be offered into evidence at the evidentiary hearing.

    (d)    A list of the full names and addresses of places of employment for all the witnesses that Petitioner intends to call.

    (e)    A summary of the anticipated testimony of <u>each</u> witness named in (d).

    5.    **On or before November 20, 2006**, the Government shall filed a "Pretrial Narrative Statement," entitled as such. The Pretrial Narrative Statement shall comply with paragraphs 4(a) through (e) above.

**DONE AND ORDERED** at Orlando, Florida, this _5th____ day of October, 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 10/5
Daniel Morse
Counsel of Record
U.S. Marshal
U.S. Probation
U.S. Magistrate Judge