UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL MORSE,

    Petitioner,

v.                                            CASE NO. 6:06-cv-036-Orl-19DAB
                                                (6:04-cr-065-Orl-19DAB)

UNITED STATES OF AMERICA,

    Respondent.
_____

## **ORDER**

Petitioner filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1). The Court entered an Order (Doc. No. 10) on October 5, 2006, which denied claims one and three, and granted an evidentiary hearing with regard to claim two. In claim two, Petitioner alleged that he received ineffective assistance of counsel because he instructed his trial counsel to file an appeal, but counsel failed to do so. The Court held a hearing on claim two on December 12, 2006.

At the hearing, the parties stipulated that Petitioner telephoned the Office of the Public Defender on October 14, 2004.[1] At that time, Petitioner spoke to a secretary and asked that a notice of appeal be filed on his behalf. The secretary advised him that one

---

[1] Petitioner was represented in his criminal case by assistant public defender Clarence Counts.

would be filed. Petitioner's request was made within ten days of the filing of the Judgment in a Criminal Case.[2]

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court determined that the ineffective assistance of counsel test in *Strickland*[3] applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. The *Roe* Court also recognized the long established rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. at 477 (citations omitted). The case law is clear that such an omission would be prejudicial to Petitioner, even absent a showing of any viable grounds for appeal. *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996) ("[A] defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even after the defendant pled guilty. In this situation, the defendant is entitled to

---

[2]The Judgment was filed on October 7, 2004, in criminal case number 6:04-cr-065-Orl-19DAB. Criminal case number 6:04-cr-065-Orl-19DAB will be referred to as "Criminal Case."

[3]The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

an out-of-time-appeal, even without showing whether or not there are any viable grounds for such an appeal.").

Since the parties have stipulated that Petitioner timely requested that a notice of appeal be filed and the record reflects that no notice of appeal was filed, Petitioner has satisfied his burden under *Strickland* and is entitled to have his § 2255 motion granted in order to pursue an out-of-time appeal. The Eleventh Circuit Court of Appeals has indicated that the proper procedure for granting an out-of-time appeal involves vacating the prior judgment of conviction, re-entering the same judgement, and advising Petitioner of his appellate rights. *See United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000) (holding that when a district court finds that an out-of-time appeal in a criminal case is warranted in a section 2255 proceeding, the remedy is as follows: 1) the criminal judgment from the which the out-of-time appeal is to be permitted should be vacated; 2) the same sentence should be reimposed; 3) upon reimposition, the defendant should be advised of all the rights associated with an appeal from a criminal sentence; and 4) the defendant should be advised that the time for filing a notice of appeal from the reimposed sentence is ten days). In reimposing the same sentence, this Court is not required to conduct a new sentencing hearing and may not address the merits of Petitioner's case. *United States v. Martin*, No. 06-11837, 2006 WL 3203937, at *4 n.3 (11th Cir. November 6, 2006).

Accordingly, it is hereby **ORDERED** as follows:

1.      Claim two of the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Daniel Morse (Doc. No. 1) is **GRANTED**.[4]

2.      The Clerk of the Court is directed to **VACATE** the Judgment in a Criminal Case entered on October 7, 2004 (Criminal Case Doc. No. 35) and to re-enter the identical Judgment in a Criminal Case, as of the date of the docketing of this Order.

3.      Mr. Kyle Fletcher, who represented Petitioner at the evidentiary hearing, is hereby appointed as counsel on behalf of Petitioner for his direct appeal.

4.      Petitioner is advised of the following rights associated with an appeal of his Judgment in a Criminal Case:

   a.   Unless a notice of appeal is filed (i) within ten (10) days after entry of the reimposed judgment or (ii) within ten (10) days after the filing of a timely notice of appeal by the Government, if the Government files an appeal, the right to file a notice of appeal is waived.

   b.   Petitioner's attorney may file the notice of appeal or Petitioner may appeal by notifying personally the Clerk of the Court of his desire to appeal in sufficient time to allow the Clerk to file the notice before the expiration of the above-mentioned ten (10) day period.

   c.   Petitioner has the right to be represented by counsel for the appeal and counsel has been appointed by the Court to represent him on appeal at no cost to him.

5.      The Clerk of the Court shall enter judgment accordingly in this instant civil case and is directed to close this case.

---

[4]Claims one and three were denied and dismissed with prejudice by Order dated October 5, 2006 (Doc. No. 10).

6. The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 35) pending in criminal case number 6:04-cr-065-Orl-19DAB and to file a copy of this Order in the criminal case.

**DONE AND ORDERED** at Orlando, Florida, this __14th____ day of December, 2006.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 12/14
Daniel Morse
Counsel of Record